**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENISE BARKER,<br><br>Plaintiff,<br>v.<br><br>REG LIQUORS, LLC d/b/a WIRED FOR WINE, INNOVATION BEVERAGE GROUP LIMITED, DEAN HUGE, SAHIL BERI and TIANYI ERIC,<br><br>Defendants. | Case No. 2:24-cv-09352 (JKS) (CLW)<br><br>**AMENDED COMPLAINT** |

Plaintiff Denise Barker ("Ms. Barker" or "Plaintiff"), by and through her attorneys, Kent, Beatty & Gordon, LLP, for her amended complaint against Defendants Reg Liquors, LLC d/b/a Wired for Wine ("W4W"), Innovation Beverage Group Limited ("IBG"), Dean Huge ("Huge"), Sahil Beri ("Beri"), and Tianyi Eric Yu ("Yu") (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks to recover common law and statutory damages for breach of contract and violations of the Fair Labor Standards Act (the "FLSA") and New Jersey's Wage Payment Law ("WPL").

2. Ms. Barker was employed as W4W's Vice President of Purchasing, Marketing and Sales from approximately May of 2022 until October 9, 2023. While Ms. Barker was initially paid her salary pursuant to seemingly normal payroll practices, beginning in January 2023, W4W began issuing Ms. Barker's pay by way of a direct wire transfer of her purported net salary. However, W4W failed to pay Ms. Barkey *any* of the wages that she earned for the period from August 7, 2023 to October 9, 2023 (at least $30,769.25), at which point Ms. Barker resigned from W4W due to non-payment of her wages. Moreover, W4W failed to reimburse Ms. Barker as promised for $5,593 in out-of-pocket medical insurance expenses, as well as $12,261 in approved business expenses. While W4W/IBG personnel have repeatedly acknowledged, in writing, that the above

wages and expense reimbursements owed to Ms. Barker will be paid, the promised payments never came.

3. Accordingly, Plaintiff brings the instant action to (a) recover damages for breach of contract, and (b) obtain statutory liquidated damages and attorneys' fees and costs for the non-payment of wages pursuant to the FLSA and WPL.

## THE PARTIES

4. Plaintiff Denise Barker is an individual domiciled in the state of Florida.

5. Defendant Reg Liquors, LLC d/b/a Wired for Wine is a limited liability company organized under the laws of the state of New Jersey, and, upon information and belief, is a wholly-owned subsidiary of Innovation Beverage Group Limited, an Australian public limited company.

6. Defendant Innovation Beverage Group Limited is an Australian public limited company that, upon information and belief, is the parent company of Defendant Reg Liquors, LLC d/b/a Wired for Wine.

7. Defendant Dean Huge is an individual who, upon information and belief, served as the CEO of W4W and IBG at all relevant times and, upon information and belief, is domiciled in the state of Florida.

8. Defendant Sahil Beri is an individual who, upon information and belief, served as the COO of W4W and IBG at all relevant times and, upon information and belief, is domiciled in Australia.

9. Defendant Tianyi Eric Yu is an individual who, upon information and belief, served as the CFO of W4W and IBG at all relevant times and, upon information and belief, is domiciled in Australia.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the FLSA.

11. Venue is proper in this district because Defendant W4W resides in this district and a substantial part of the events and/or omissions giving rise to the claims occurred in this district.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12. Ms. Barker is a trained sommelier and sales and marketing professional within the luxury wine space.

13. Ms. Barker was employed as W4W's Vice President of Purchasing, Marketing and Sales from approximately May of 2022 until October 9, 2023, during which time she reported first to Huge and then to Beri.

14. The terms of Ms. Barker's employment by W4W were memorialized in an offer letter dated May 2, 2022 (the "Offer Letter"), which was executed by Huge on IBG letterhead.

15. As detailed in the Offer Letter, Ms. Barker was to be paid an annual salary of $160,000 "payable every two weeks as a W-2 employee," annual bonuses, and benefits including medical and dental coverage and reimbursement of business, travel and entertainment expenses.

16. While Ms. Barker was initially paid pursuant to seemingly normal payroll practices, beginning in January 2023, W4W began issuing Ms. Barker's pay by way of a direct wire transfer of her net salary.

17. While W4W purported to withhold the appropriate payroll taxes and other required deductions associated with those direct wire transfers, it is unclear if it ever did so.

18. Thereafter, W4W failed to pay Ms. Barkey *any* of the wages that she earned for the period from August 7, 2023, to October 9, 2023, which total approximately $30,769.25.

19. Additionally, W4W failed to reimburse Ms. Barker as promised for $5,593 she paid for her medical insurance, as well as $12,261 in approved business expenses.

20. W4W personnel have repeatedly acknowledged, in writing, that the above wages and expense reimbursements that are owed to Ms. Barker will be paid.

21. For example, in a text message exchange on March 24, 2024, Ms. Barker asked Huge whether she would "ever get paid back," to which Mr. Huge replied: "Yes. Still working on IPO."

22. Upon information and belief, the foregoing text exchange referenced a contemplated initial public offering by IBG (W4W's parent company), and the withholding of Ms. Barker's wages was designed to falsely bolster both companies' balance sheets as it positioned itself for a public offering.

23. Of course, Mr. Barker's wages and reimbursements from W4W are unrelated to the success of any fundraising efforts and are due to her regardless of whether the IPO is successful (as we are led to believe it just was).

24. The promised payments and reimbursements were never made. Accordingly, Ms. Barker brings the instant actions to enforce her most basic rights as an employee.

**FIRST CAUSE OF ACTION**
**(Breach of Contract – Against W4W)**

25. Plaintiff incorporates by reference the foregoing allegations as if set forth at length herein.

26. At all relevant times, Ms. Barker and W4W were party to a binding contract of employment, whereby Ms. Barker was to provide services to W4W in exchange for wages and other remuneration related thereto (the "Contract of Employment").

27. Plaintiff performed all her obligations under the Contract of Employment.

28. Defendant breached the Contract of Employment by, *inter alia*, failing to pay Ms. Barker the more than $30,769.25 in wages owed to her during the period from August 7, 2023 to October 9, 2023, and failing to reimburse her for medical insurance expenses and approved business expenses totaling $17,854.60.

29. Defendant's breach of the Contract of Employment has caused damage to Plaintiff in an amount to be determined at trial, but not less than $48,626.85, plus interest and costs.

**SECOND CAUSE OF ACTION**
**(Violations of the Minimum Wage Provisions of the FLSA – Against All Defendants)**

30. Plaintiff incorporates by reference the foregoing allegations as if set forth at length herein.

31. At all relevant times, all Defendants were Plaintiff's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

32. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

33. At all relevant times, Defendants constituted an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

34. Defendants failed to pay Plaintiff at the applicable minimum hourly rate during the period from August 7, 2023, to October 9, 2023, in violation of 29 U.S.C. § 206(a).

35. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing violations of the FLSA, Plaintiff was damaged in an amount to be determined at trial, plus attorneys' fees, costs and liquated damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violations of the Minimum Overtime Provisions of the FLSA – Against All Defendants)**

37. Plaintiff repeats and realleges each and every allegation set forth above as though the same were set forth herein at length.

38. Plaintiff worked in excess of 40 hours per work in connection with her employment by W4W during the period from August 7, 2023 to October 9, 2023.

39. Defendants, in violation of, *inter alia*, 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

40. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

41. As a result of the foregoing violations of the FLSA, Plaintiff was damaged in an amount to determined at trial, plus attorneys' fees, costs and liquated damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Violations of the WPL – Against All Defendants)**

42. Plaintiff repeats and realleges each and every allegation set forth above as though the same were set forth herein at length.

43. The WPL provides, "if any employer fails to pay the full amount of wages to an employee agreed to … the employee may recover in a civil action the full amount of any wages due … plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court." *See* N.J. Stat. Ann. § 34:11-4.10.

44. All Defendants are "employers" within the meaning of the WPL. *See* N.J. Stat. Ann. § 34:11-4.1(a).

45. Ms. Barker was an "employee" within the meaning of the WPL. *See* N.J. Stat. Ann. § 34:11-4.1(b).

46. The salary and reimbursements owed to Ms. Barker constitute wages within the meaning of the WPL. *See* N.J. Stat. Ann. § 34:11-4.1(c).

47. By way of the foregoing allegations, Defendants have failed to pay the full amount of wages due to Ms. Barker in violation of the WPL.

48. Accordingly, Defendants are jointly and severally liable to Ms. Barker for the $48,623.85 due under the First Cause of Action, plus liquidated damages in the amount of $97,247.70 (or at total of $145,871.55), together with the costs and reasonable attorneys' fees incurred by Ms. Barker in connection with this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court issue an Order including an award of:

(A) Compensatory damages in an amount to be determined at trial, but not less than $48,623.85;

(B) Consequential damages in an amount to be determined at trial;

(C) Liquidated damages in an amount to be determined at trial, but not less than $97,247.70;

(D) Pre-judgment and post-judgment interest;

(E) Reasonable attorneys' fees and costs; and

(F) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 1, 2024

KENT, BEATTY & GORDON, LLP

Jack A. Gordon
Alex T. Paradiso (*pro hac to be filed*)
Eleven Times Square
New York, New York 10036
(212) 421-4300
jag@kbg-law.com
atp@kbg-law.com

*Attorneys for Plaintiff Denise Barker*